MARALYN M. ENGLISH (8468)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, UT 84145
Telephone: (801) 521-9000
Facsimile: (801) 363-0400
mme@scmlaw.com

JEFFREY K. SHERWOOD (*admitted pro hac vice*)
MARK THRONSON (*admitted pro hac vice*)
DIPU A. DOSHI (*admitted pro hac vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
SherwoodJ@dicksteinshapiro.com
ThronsonM@dicksteinshapiro.com
DoshiD@dicksteinshapiro.com

*Attorneys for Defendants Daifuku Co., Ltd. and Daifuku America Corp.*

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| MURATA MACHINERY USA, INC.,<br>MURATA MACHINERY, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>DAIFUKU CO., LTD.,<br>DAIFUKU AMERICA CORP.,<br><br>Defendants. | **DAIFUKU CO., LTD.'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Case No. 2:13-cv-00866<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

Pursuant to Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Daifuku Co., Ltd. ("Daifuku Japan") answers and asserts affirmative defenses to the allegations of the complaint ("the Complaint") filed by Murata Machinery USA, Inc. and Murata Machinery, Ltd. (collectively "Murata Machinery") as follows:

**THE PARTIES**

1. Daifuku Japan is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2. Daifuku Japan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies them.

3. Daifuku Japan admits the allegations contained in Paragraph 3 of the Complaint.

4. Daifuku Japan admits that prior to early 2008, it conducted business in the state of Utah and in this District. Daifuku Japan denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Daifuku Japan admits the allegations contained in Paragraph 5 of the Complaint.

6. Daifuku Japan admits that prior to early 2008, Daifuku America Corp. conducted business in the state of Utah and in this District. Daifuku Japan denies the remaining allegations contained in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. Daifuku Japan admits that Murata Machinery purports to base the Complaint under the patent laws of the United States, Title 35 of the United States Code and that this Court would have subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§

1331 and 1338(a). However, Daifuku Japan denies the legal sufficiency of Murata Machinery's claims and allegations as to Daifuku Japan and denies that Murata Machinery has any viable claim against Daifuku Japan. Daifuku Japan further denies that the Court has personal jurisdiction over it.

8. Daifuku Japan admits that Defendants have conducted or are conducting business in the District, and that prior to early 2008, Daifuku America had a facility at 5202 Douglas Corrigan Way, Suite 150, Salt Lake City, Utah . Daifuku Japan denies the remaining allegations in Paragraph 8.

**GENERAL ALLEGATIONS**

9. Daifuku Japan admits that United States Patent No. 7,165,927 ("the '927 patent") is entitled "Automated Material Handling System For Semiconductor Manufacturing Based On A Combination Of Vertical Carousels And Overhead Hoists," lists January 23, 2007 as the issue date of the patent, and lists Brian J. Doherty, Thomas R. Mariano, Robert P. Sullivan as co-inventors. Daifuku Japan denies the remaining allegations contained in Paragraph 9.

10. Daifuku Japan admits that United States Patent No. 7,771,153 ("the '153 patent") is entitled "Automated Material Handling System For Semiconductor Manufacturing Based On A Combination Of Vertical Carousels And Overhead Hoists," lists August 10, 2010 as the issue date of the patent, and lists Brian J. Doherty, Thomas R. Mariano, Robert P. Sullivan as co-inventors. Daifuku Japan denies the remaining allegations contained in Paragraph 10.

11. Daifuku Japan admits that United States Patent No. 8,197,172 ("the '172 patent") is entitled "Automated Material Handling System For Semiconductor Manufacturing Based On A Combination Of Vertical Carousels And Overhead Hoists," lists June 12, 2012 as the issue

date of the patent, and lists Brian J. Doherty, Thomas R. Mariano, Robert P. Sullivan as co-inventors. Daifuku Japan denies the remaining allegations contained in Paragraph 11.

12. Daifuku Japan admits that the ’153 patent and the ’172 patent list Murata Machinery, Ltd. as the assignee. Daifuku Japan is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and therefore denies them.

13. Daifuku Japan is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them.

14. Daifuku Japan denies the allegations contained in Paragraph 14 of the Complaint.

15. Daifuku Japan admits the allegations contained in Paragraph 15 of the Complaint.

16. Daifuku Japan denies the allegations contained in Paragraph 16 of the Complaint, and denies that Murata Machinery is entitled to any relief.

**COUNT I**

17. Daifuku Japan incorporates its responses to paragraphs 1-16 as though fully set forth herein.

18. Daifuku Japan denies the allegations contained in Paragraph 18 of the Complaint.

19. Daifuku Japan denies the allegations contained in Paragraph 19 of the Complaint.

**COUNT II**

20. Daifuku Japan incorporates its responses to paragraphs 1-19 as though fully set forth herein.

21. Daifuku Japan denies the allegations contained in Paragraph 21 of the Complaint.

22. Daifuku Japan denies the allegations contained in Paragraph 22 of the Complaint.

**COUNT III**

23. Daifuku Japan incorporates its responses to paragraphs 1-22 as though fully set forth herein.

24. Daifuku Japan denies the allegations contained in Paragraph 24 of the Complaint.

25. Daifuku Japan denies the allegations contained in Paragraph 25 of the Complaint.

**PRAYER FOR RELIEF**

26. Daifuku Japan denies that Murata Machinery is entitled to any of the requested relief.

**AFFIRMATIVE DEFENSES**

27. Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that Daifuku Japan must necessarily plead any of the following as an affirmative defense or that Daifuku Japan necessarily bears the burden of persuasion for any of the following, Daifuku Japan asserts the following defenses to Plaintiffs' Amended Complaint. Daifuku Japan reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct or failure to mark, consistent with the facts discovered in this case.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

28. The causes of action asserted in the Complaint fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

29. Murata Machinery is not entitled to any relief against Daifuku Japan because Daifuku Japan is not and has not directly infringed any valid claim of the ’927 patent, the ’153 patent, and the ’172 patent (collectively “the Asserted Patents”), either literally or under the doctrine of equivalents, and is not and has not actively induced infringement, contributed to infringement, or otherwise committed any act giving rise to liability for infringement of the Asserted Patents under 35 U.S.C. § 271.

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity)**

30. The claims of the Asserted Patents are invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and/or 112, and the rules and regulations, and laws pertaining thereto.

**FOURTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

31. Murata Machinery is barred by prosecution history estoppel from contending that the claims of the Asserted Patents cover products made, used, sold, or offered for sale by Daifuku Japan by virtue of statements and admissions made by the named inventors, their attorneys, agents, or assigns during proceedings in the Patent & Trademark Office (“PTO”).

**FIFTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

32. Murata Machinery's claims and requested relief are barred by one or more of the equitable doctrines including laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Injunctive Relief Unavailable)**

33. Murata Machinery is not entitled to injunctive relief because any alleged injury to Murata Machinery is not immediate or irreparable, and Murata Machinery has an adequate remedy at law.

**Seventh AFFIRMATIVE DEFENSE**

**(License)**

34. Murata Machinery's claims and requested relief are barred by virtue of a license to the Asserted Patents that it has granted to its customers.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

35. Daifuku Japan reserves the right to assert additional affirmative defenses during or upon completion of discovery.

**JURY DEMAND**

Daifuku Japan demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Daifuku Japan respectfully requests that this Court enter judgment in its favor and against Murata Machinery as follows:

(a) Dismiss the Complaint in its entirety, with prejudice to refiling;

(b) Enter judgment in favor of Daifuku Japan and against Murata Machinery;

(c) That plaintiffs are not entitled to any of their requested relief, or any relief whatsoever;

(d) That Daifuku Japan be awarded its costs and disbursements in this action; and

(e) Grant Daifuku Japan any further relief, in law or in equity, as this Court may deem just and proper under the current circumstances.

Dated: March 6, 2014

By: *\/s/ Maralyn M. English*

Maralyn M. English
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
PO Box 45000
Salt Lake City, UT 84145-5000
Telephone: (801) 521-9000

Jeffrey K. Sherwood
Mark Thronson
Dipu A. Doshi
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of March, 2014, the foregoing **DAIFUKU CO., LTD.'S ANSWER AND AFFIRMATIVE DEFENSES** was served via the Court's CM/ECF system on the following:

Mark M. Bettilyon
Arthur B. Berger
RAY QUINNEY & NEBEKER P.C.
36 South State Street
Suite 1400
Salt Lake City, UT 84111
mbettilyon@rqn.com
aberger@rqn.com

David Ben-Meir
Spencer Persson
John C. Gray
FULBRIGHT & JAWORSKI LLP
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
david.ben-meir@nortonrosefulbright.com
spencer.persson@ nortonrosefulbright.com
john.gray@nortonrosefulbright.com

*/s/ Maralyn M. English*

2780928