Mark M. Bettilyon (4798)
Arthur B. Berger (6490)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
mbettilyon@rqn.com
aberger@rqn.com

David Ben-Meir (*pro hac vice*)
John A. O'Malley (*pro hac vice*)
Spencer Persson (*pro hac vice*)
John C. Gray (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
david.ben-meir@nortonrosefulbright.com
john.omalley@nortonrosefulbright.com
spencer.persson@nortonrosefulbright.com
john.gray@nortonrosefulbright.com

*Attorneys for Plaintiffs*
*Murata Machinery USA, Inc. and*
*Murata Machinery, Ltd.*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| MURATA MACHINERY USA, INC.,<br>MURATA MACHINERY, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>DAIFUKU CO., LTD.,<br>DAIFUKU AMERICA CORP.,<br><br>Defendants. | **AMENDED COMPLAINT**<br><br>Case No. 2:13-cv-00866-DAK-BCW<br><br>**JURY DEMANDED** |

Plaintiffs Murata Machinery, Ltd. and Murata Machinery USA, Inc. (collectively "Murata"), for their Amended Complaint against defendants Daifuku Co., Ltd. and Daifuku America Corp. (collectively "Daifuku" or "Defendants"), hereby allege as follows:

## THE PARTIES

1. Plaintiff Murata Machinery USA, Inc. is a corporation organized under the laws of the state of Delaware, with a principal place of business at 2120 Queen City Drive, Charlotte, North Carolina 28208.

2. Plaintiff Murata Machinery, Ltd. is a corporation organized under the laws of Japan, with its principal place of business at 136, Takeda-Mukaishiro-cho, Fushimi-ku, Kyoto 612-8686, Japan.

3. Defendant Daifuku Co., Ltd., upon information and belief, is a corporation organized under the laws of Japan, with its principal place of business at 3-2-11 Mitejima, Nishiyodogawa-ku, Osaka 555-0012 Japan.

4. Defendant Daifuku Co., Ltd., upon information and belief, is conducting or has conducted business in the state of Utah and in this District, making, using, selling, importing, and/or offering for sale automated material handling systems incorporating an overhead hoist for cleanroom applications.

5. Defendant Daifuku America Corp., upon information and belief, is a corporation organized under the laws of the state of Ohio with its principal place of business at 6700 Tussing Road, Reynoldsburg, Ohio 43068-5083.

6. Defendant Daifuku America Corp., upon information and belief, is conducting or has conducted business in the state of Utah and in this District, making, using, selling, importing,

and/or offering for sale automated material handling systems incorporating an overhead hoist for cleanroom applications, including the use of its facility at 5202 Douglas Corrigan Way, Suite 150, Salt Lake City, Utah 84126.

## JURISDICTION AND VENUE

7. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400. Upon information and belief, Defendants have conducted or are conducting business in the District, including the operation of its facility in the District.

## GENERAL ALLEGATIONS

9. On January 23, 2007, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,165,927 (the 927 patent), entitled "Automated Material Handling System for Semiconductor Manufacturing Based on a Combination of Vertical Carousels and Overhead Hoists," to inventors Brian J. Doherty, Thomas R. Mariano, and Robert P. Sullivan.

10. On August 10, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,771,153 (the 153 patent), entitled "Automated Material Handling System for Semiconductor Manufacturing Based on a Combination of Vertical Carousels and Overhead Hoists," to inventors Brian J. Doherty, Thomas R. Mariano, and Robert P. Sullivan.

11. On June 12, 2012, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,197,172 (the 172 patent), entitled "Automated Material Handling System for Semiconductor Manufacturing Based on a Combination of Vertical Carousels and Overhead

Hoists," to inventors Brian J. Doherty, Thomas R. Mariano, and Robert P. Sullivan.

12. On September 5, 2000, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,113,341 (the 341 patent), entitled "Tracking Cart System," to inventor Masazumi Fukushima.

13. On February 6, 2001, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,183,184 (the 184 patent), entitled "Work Transport System," to inventor Tamotsu Shiwaku.

14. Murata Machinery, Ltd. is the owner by assignment of the 927, 153, 172, 341, and 184 patents (collectively the "Asserted Patents").

15. Murata Machinery USA, Inc. is the exclusive licensee of the Asserted Patents.

16. Daifuku has infringed, and continue to infringe directly, contributorily, and/or through the inducement of others, the claimed inventions of the Asserted Patents by offering for sale, selling, making and/or using an automated material handling system incorporating an overhead hoist covered by the Asserted Patents.

17. Daifuku is aware of the Asserted Patents at least as early as the time it was made aware of this Complaint. Further, upon information and belief, Daifuku was aware of the Asserted Patents prior to the filing of this Complaint.

18. Murata has been damaged as a result of Daifuku's infringing conduct. Therefore, Daifuku is liable to Murata in an amount that adequately compensates Murata for Defendants' infringement.

## COUNT I

**Infringement of the 927 Patent**

19. Murata repeats and realleges the allegations in paragraphs 1-18 as though fully set forth herein.

20. Daifuku has been and is now infringing, directly, contributorily, and/or through the inducement of others, the 927 patent by offering to sell, selling, making and/or using in the United States automated material handling system(s), for example, cleanroom systems for use in semiconductor fabrication applications that embody one or more of the claims of the 927 patent.

21. Daifuku's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Murata, for which there are no adequate remedy at law. Unless enjoined by this Court, Daifuku will continue to infringe the 927 patent.

## COUNT II

**Infringement of the 153 Patent**

22. Murata repeats and realleges the allegations in paragraphs 1-21 as though fully set forth herein.

23. Daifuku has been and is now infringing, directly, contributorily, and/or through the inducement of others, the 153 patent by offering for sale, selling, making and/or using in the United States automated material handling system(s), for example, cleanroom systems for use in semiconductor fabrication applications, that embody one or more of the claims of the 153 patent.

24. Daifuku's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Murata, for which there are no adequate remedy at law. Unless enjoined by this Court, Daifuku will continue to infringe the 153 patent.

**COUNT III**

**Infringement of the 172 Patent**

25. Murata repeats and realleges the allegations in paragraphs 1-24 as though fully set forth herein.

26. Daifuku has been and is now directly infringing, directly, contributorily, and/or through the inducement of others, the 172 patent by offering for sale, selling, making and/or using in the United States automated material handling systems, for example, cleanroom systems for use in semiconductor fabrication applications, that embody one or more of the claims of the 172 patent.

27. Daifuku's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Murata, for which there are no adequate remedy at law. Unless enjoined by this Court, Daifuku will continue to infringe the 172 patent.

**COUNT IV**

**Infringement of the 341 Patent**

28. Murata repeats and realleges the allegations in paragraphs 1-27 as though fully set forth herein.

29. Daifuku has been and is now directly infringing, directly, contributorily, and/or through the inducement of others, the 341 patent by offering for sale, selling, making and/or using in the United States automated material handling systems, for example, cleanroom systems for use in semiconductor fabrication applications, that embody one or more of the claims of the 341 patent.

30. Daifuku's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Murata, for which there are no adequate remedy at law.

Unless enjoined by this Court, Daifuku will continue to infringe the 341 patent.

## COUNT V

### Infringement of the 184 Patent

31. Murata repeats and realleges the allegations in paragraphs 1-30 as though fully set forth herein.

32. Daifuku has been and is now directly infringing, directly, contributorily, and/or through the inducement of others, the 184 patent by offering for sale, selling, making and/or using in the United States automated material handling systems, for example, cleanroom systems for use in semiconductor fabrication applications, that embody one or more of the claims of the 184 patent.

33. Daifuku's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Murata, for which there are no adequate remedy at law. Unless enjoined by this Court, Daifuku will continue to infringe the 184 patent.

## PRAYER FOR RELIEF

WHEREFORE, Murata requests the following relief:

1. that Daifuku be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the Asserted Patents;

2. a finding that Daifuku has directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the Asserted Patents;

3. that Murata be awarded its actual damages;

4. that Murata be awarded enhanced damages pursuant to 35 U.S.C. § 284;

5. that Murata be awarded pre-judgment interest and post-judgment interest at the

maximum rate allowed by law;

6. that the Court order an accounting for damages;

7. that the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Murata its attorneys' fees;

8. the Murata be awarded costs of court; and

9. that Murata be awarded such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, F.R.Civ.P., Murata hereby demands trial by jury of all issues so triable.

DATED this 19th day of February, 2015.

RAY QUINNEY & NEBEKER P.C.

/s/ Mark M. Bettilyon
Mark M. Bettilyon
Arthur B. Berger

David Ben-Meir
John A. O'Malley
Spencer Persson
John C. Gray
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, CA 90071
Telephone (213) 892-9202
Facsimile: (213) 892-9494
david.ben-meir@nortonrosefulbright.com

*Attorneys for Plaintiffs*
*Murata Machinery USA, Inc. and*
*Murata Machinery, Ltd*

Plaintiffs' Addresses:

Murata Machinery USA, Inc.
2120 Queen City Drive
Charlotte, NC 28208.

Murata Machinery, Ltd.
136, Takeda-Mukaishiro-cho, Fushimi-ku
Kyoto 612-8686
Japan.

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2015, I electronically filed the foregoing **AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Maralyn M. English
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, Utah 84145

Jeffrey K. Sherwood
Mark Thronson
Dipu A. Doshi
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006

/s/ Lori McGee

1318060