IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MURATA MACHINERY USA, INC., MURATA MACHINERY, LTD.,** | |
| Plaintiffs, | **ORDER** |
| vs. | Case No. 2:13CV866 DAK |
| **DAIFUKU CO., LTD., DAIFUKU AMERICA CORP.,** | **NOT FILED UNDER SEAL** |
| Defendants. | |

This matter is before the court on Plaintiffs Murata Machinery USA, Inc., and Murata Machinery, LTD's ("Plaintiffs") Motion to Lift the Stay on Prosecution of Additional Claims in the Amended Complaint, Plaintiffs' Motion for Preliminary Injunction, and on Defendant Daifuku Co., Ltd. and Daifuku America Corp.'s ("Defendants") Motion for Protective Order. The court has carefully reviewed the written memoranda submitted by the parties, and, pursuant to Local Rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the pending motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

The court previously stayed this case in an Order dated February 12, 2015.[1]  The Order stayed the entire case pending the resolution of several petitions for *Inter Partes* Review

---

[1] Docket No. 161.

("IPR") filed by Defendants on the three patents at issue in Plaintiffs' Original Complaint. The February 12, 2015 Order also granted Plaintiffs' petition for leave to amend the Original Complaint to add patent claims relating to Defendants' alleged infringement of two Additional Patents.

On May 4, 2015, the U.S. Patent and Trademark Office (the "PTO") granted three of the IPR petitions pertaining to the three patents accused in the Original Complaint. The February 12, 2015 Order provided that "[i]f the PTO grants the petitions, the entire case shall remain stayed, except that the court will permit Plaintiffs to file a motion to lift the stay as to the newly added claims, if meritorious grounds exist for doing so."[2]

Through the instant motion, Plaintiffs now seek to lift the stay imposed in the February 12, 2015 Order, but only as it pertains to the subject of the recent amendments to the Complaint–prosecution of the fourth and fifth counts for infringement of U.S. Patent No. 6,113,341 (the '341 patent) and U.S. Patent No. 6,183,184 (the '184 patent) (together, the "Additional Patents").

The court, however, declines to lift the stay. Every factor that favored granting the stay initially – especially conservation of judicial and party resources – still exists. Plaintiffs' previous arguments for amending the Complaint underscore why this case should remain stayed. In Plaintiffs' own words, litigating the patents together "will conserve the resources of the parties and the Court because it will allow all related patent issues to be heard in the same

---

[2] *Id*. at 5.

action, at the same time, without the need for largely duplicative pleadings and discovery that would arise in a separately filed action pertaining only to the '341 Patent and the '184 Patent."[3]  Plaintiffs further stated previously that the "suggestion that the additional patents should be litigated in a separate case makes no sense, when they involve not only the same parties, but the same accused systems, many of the same documents, witnesses, third parties, and technology and legal issues."[4]

Plaintiffs now argue that good cause exists to lift the stay on the Additional Patents primarily because they are not subject to any IPR proceedings.  But a number of courts have stayed an entire case where PTO proceedings have been instituted as to one-patent-in-suit, but not a related patent, if the stay would eliminate duplicative discovery and avoid having to spend the "time and expense of educating a judge and jury twice on similar technology." *Sonics, Inc. v. Arteris, Inc.*, C 11–05311 SBA, 2013 WL 503091, at *3 (N.D. Cal. Feb. 8, 2013) ("When there are overlapping issues between the reexamined patents and other non-reexamined patents-in-suit, courts have found that staying the entire case is warranted."); *see also Nidec Motor Corp. v. Broad Ocean Motor LLC*, 4:13CV01895 RLW, slip op. 1 (E.D. Mo. Feb. 2, 2015) (holding that stay should be continued with respect to all of patents, even though IPR review was not instituted for one patent, "so that all of the issues in this case can be resolved at the same time and because there is potential overlap between the issues in the

---

[3] Docket No. 88 at 5.

[4] Docket No. 109 at 4.

patents"). More importantly, however, Defendants have now filed three petitions for *Inter Partes* Review, challenging the validity of the Additional Patents.[5] Accordingly, the court finds, as it previously found, that all four factors set forth in the Leahy-Smith America Invents Act ("AIA") militate in favor of maintaining the stay.

Notwithstanding the stay of this action, however, Plaintiffs have filed a Motion for Preliminary Injunction pertaining to Defendants' alleged infringement of the Additional Patents. Defendants, in response, have filed a Motion for Protective Order to Enforce the Court's Stay Order. Defendants seek protection from any obligation to respond to the preliminary injunction motion until such time as the court lifts the stay.

The court agrees that the Motion for Preliminary Injunction was filed prematurely–while this action was stayed. Although Plaintiffs had filed a Motion to Lift the Stay, the court had not decided the motion. Because the court has now declined to lift the stay, the Motion for Preliminary Injunction is denied without prejudice to renew at a later date, if appropriate. Defendants' Motion for Protective Order is therefore denied as moot.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Lift Stay on the Prosecution of Additional Claims [Docket No. 171] is DENIED. Because the case has been and will continue to be stayed, the court will not consider Plaintiffs' Motion for Preliminary Injunction [Docket No. 257] at this time, and it is therefore DENIED without

---

[5] Docket No. 224.

prejudice to renew at a later date, if appropriate.   Defendants' Motion for Protective Order [Docket No. 264] is DENIED as moot.

DATED this 4th day of September, 2015.

BY THE COURT:

DALE A. KIMBALL
United States District Judge