**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **MURATA MACHINERY USA, INC.;**<br>**MURATA MACHINERY, LTD.,** | **MEMORANDUM DECISION**<br>**AND ORDER** |
| **Plaintiffs,** | |
| **vs.** | **Case No.  2:13-CV-866-DAK** |
| **DAIFUKU CO., LTD.; DAIFUKU**<br>**AMERICA CORP.,** | **Judge Dale A. Kimball** |
| **Defendants.** | |

This matter is before the court on remand from the United States Court of Appeals for the Federal Circuit. On remand, the court is asked to readdress the Motion for Preliminary Injunction filed by Plaintiffs Murata Machinery USA, Inc., and Murata Machinery, Ltd. (collectively "Murata"). The remand does not ask, nor do the Federal Rules of Civil Procedure require, that the court conduct a hearing or request a responsive brief. The court concludes that neither a hearing nor a responsive brief would significantly aid its determination of the issue on remand. Accordingly, the court issues the following Memorandum Decision and Order based on the opinion from the United States Court of Appeals for the Federal Circuit, the previously filed written submissions of the parties, and the law and facts relevant to the pending motion.

## BACKGROUND

Murata and Defendants Daifuku Co., Ltd., and Daifuku America Corp. (collectively "Daifuku") both manufacture and maintain Automated Material Handling Systems ("AMHS"). AMHS handle and move semiconductor components in semiconductor cleanrooms using robotic vehicles suspended on tracks from the ceilings. In September 2013, Murata filed a case in this court alleging that Daifuku infringed three of its patents (collectively, the "Original Patents"). In

September 2014, Murata moved to amend its Complaint to add two patents that Murata alleges

are also being infringed by Daifuku (collectively, the "Additional Patents"). Daifuku petitioned

the Patent Trial and Appeals Board of the Patent and Trademark Office for inter partes review

("IPR") of the Original Patents and, at the same time, moved to stay the district court litigation

pending the outcome of the IPR proceedings.

On February 12, 2015, the court stayed the case pending the resolution of Daifuku's IPR

petitions and granted leave for Murata to amend the Complaint to add the Additional Patents. On

February 19, 2015, Murata amended its Complaint to include the Additional Patents. On May 28,

2015, after the Board instituted an IPR proceeding on each of the Original Patents, Murata

moved to lift the stay with regard to the Additional Patents.  Before the court decided Murata's

motion to lift the stay, Daifuku filed IPR petitions on the Additional Patents, and Murata moved

for a preliminary injunction against Daifuku based on the purported infringement of the

Additional Patents.

The court denied Murata's motion to lift the stay and held that Murata untimely filed its

motion for preliminary injunction. The court concluded that "[b]ecause the court has now

declined to lift the stay, the Motion for Preliminary Injunction is denied without prejudice to

renew at a later date, if appropriate." Order 4, Sept. 4, 2015, ECF No. 268. Murata appealed the

court's refusal to lift the stay and its denial of the preliminary injunction to the United States

Court of Appeals for the Federal Circuit.

On August 1, 2016, the United States Court of Appeals for the Federal Circuit issued its

opinion affirming the court's denial of Murata's motion to lift the stay and vacating the court's

denial of Murata's motion for a preliminary injunction. The Federal Circuit remanded the case

for the court to address Murata's motion for a preliminary injunction in light of the Federal

Circuit's opinion.

## DISCUSSION

"A preliminary injunction is a 'drastic and extraordinary remedy' which, to obtain, a

'moving party must demonstrate a reasonable likelihood of success on the merits, irreparable

harm in the absence of a preliminary injunction, a balance of hardships tipping in its favor, and

the injunction's favorable impact on the public interest.'" *Murata Machinery USA, Inc. v.

Daifuku Co., Ltd.*, 2016 WL 4073320, at *4 (Fed. Cir. 2016) (quoting *Nat'l Steel Car, Ltd. v.

Canadian Pac. Ry.*, 357 F.3d 1319, 1324-25 (Fed. Cir. 2004)). "[A] movant cannot be granted a

preliminary injunction unless it establishes *both* of the first two factors, *i.e.*, likelihood of success

on the merits and irreparable harm." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d

1343, 1350 (Fed. Cir. 2001) (emphasis in original) (citation omitted). "In order to demonstrate a

likelihood of success on the merits," a plaintiff must show both the infringement and validity of a

patent, and, if a defendant "raises a substantial question concerning either infringement or

validity, . . . the preliminary injunction should not issue." *Id.* at 1350-51.

Under Federal Rule of Civil Procedure 52, a court must "state the findings and

conclusions that support" either the "granting or refusing [of] an interlocutory injunction." Fed.

R. Civ. P. 52(a)(2). This requirement for interlocutory injunctions differs from the requirements

"when ruling on a motion under Rule 12 or 56" where a court "is not required to state findings or

conclusions." Fed. R. Civ. P. 52(a)(3).

The Federal Circuit found that this court did not meet the requirements of Federal Rule of

Civil Procedure 52 when it denied Murata's Motion for Preliminary Injunction. The Federal

Circuit specifically held that "when a district court denies a preliminary injunction motion, it

must provide an adequate reason for its decision beyond merely noting that the case has been stayed." *Murata Machinery*, 2016 WL 4073320, at *5.

Although the court did not adequately provide its reasons for denying the preliminary injunction in its previous order, after reexamining the issue, the court concludes that its decision to deny the preliminary injunction was correct. Each of the patents at issue in this case has been submitted and accepted for IPR by the Patent Trial and Appeals Board. Acceptance of the patents for IPR raises a question about the validity of the patents, which is one of the key considerations in determining whether a plaintiff is able to demonstrate a likelihood of success on the merits. As long as the IPRs are pending before the Patent Trial and Appeals Board, the court concludes that Murata will not be able to demonstrate a likelihood of success on the merits. Because a movant cannot be granted a preliminary injunction without showing both a likelihood of success on the merits and irreparable harm, the court concludes that its finding that Murata will not be able to demonstrate a likelihood of success on the merits is sufficient, on its own, for the court to deny a preliminary injunction in this case.

In addition to Murata not being able to demonstrate a likelihood of success on the merits, Murata may not be able to show that the balance of hardships tips in its favor. In a previous order, the court found that Murata would not be unduly prejudiced by a stay pending the results of the IPRs. A finding that Murata will not be unduly prejudiced by the stay weighs against a finding that Murata will experience hardships due to the denial of the preliminary injunction.

The fact that the court granted a stay, which was affirmed by the Federal Circuit, is also relevant to the preliminary injunction analysis. The court "ordinarily should not grant both a preliminary injunction and a stay." *Proctor & Gamble Co. v. Kraft Foods. Glob., Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008). The main reason that a court should not ordinarily grant both a

preliminary injunction and a stay time is that the factors that weigh in favor of issuing a stay are often the same factors that weigh against issuing a preliminary injunction. For example, a finding of a substantial issue of patent validity weighs in favor of a stay but against a preliminary injunction. *See id.* (noting both "[a] preliminary injunction should not be granted if there is a substantial issue of patent validity" and " a stay should ordinarily not be granted unless there is a substantial patentability issue raised"). A court should also hesitate to grant both a preliminary injunction and a stay at the same time in a patent case because the combination "could subject an accused infringer to unfair and undesirable delay in reaching a final resolution." *Id.* Therefore, the existence of a stay in this case also weighs against the issuance of a preliminary injunction.

Therefore, the court concludes that a preliminary injunction should not issue in this case.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Murata's Motion for Preliminary Injunction is again DENIED.


DATED this 15th day of August, 2016.

BY THE COURT:


DALE A. KIMBALL
United States District Judge